UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA, BAKERSFIELD DIVISION

| | |
|---|---|
| FRESHKO PRODUCE SERVICES, LLC, a limited liability company,<br><br>                    Plaintiff,<br><br>     v.<br><br>GREEN FROG MARKET COUNTRY CLUB, INC., a corporation; GREEN FROG MARKET-COUNTRY CLUB, LLC, a limited liability company; GREEN FROG MARKET BERNARD, INC., a corporation; GREEN FROG MARKET-BERNARD, LLC, a limited liability company; ALAN SCOTT HAIR, an individual;<br>                    Defendants. | CASE NO.  11-cv-01412-AWI-JLT<br><br>**ORDER APPROVING STIPULATION FOR ENTRY OF JUDGMENT AGAINST DEFENDANTS GREEN FROG MARKET COUNTRY CLUB, INC.; GREEN FROG MARKET-COUNTRY CLUB, LLC; GREEN FROG MARKET BERNARD, INC.; GREEN FROG MARKET-BERNARD, LLC; and ALAN SCOTT HAIR** |

Having read and considered the Stipulation for Entry of Judgment submitted by Plaintiff FRESHKO PRODUCE SERVICES, LLC, ("FreshKo" or "Plaintiff"),a limited liability and Defendants GREEN FROG MARKET COUNTRY CLUB, INC., a corporation; GREEN FROG MARKET-COUNTRY CLUB, LLC, a limited liability company; GREEN FROG MARKET BERNARD, INC., a corporation; GREEN FROG MARKET-BERNARD, LLC, a limited liability company; ALAN SCOTT HAIR, an individual; (collectively "Defendants"), and all other pleadings and papers on file herein, and good cause appearing therefore,

1

IT IS HEREBY ORDERED that the Stipulation for Entry of Judgment is approved in its entirety.

IT IS FURTHER ORDERED that the following facts are hereby adopted by this Court as Findings of Fact upon such terms and conditions as provided in the Stipulation.

1. This court has jurisdiction of this case pursuant to §5(c)(5) of the Perishable Agricultural Commodities Act of 1930 as amended [7 U.S.C. §499(c)(5)] ("PACA") and pursuant to 28 U.S.C. §1331.  Venue is proper pursuant to 28 U.S.C. §1391(b).

2. Defendants Green Frog Market-Bernard, LLC, Green Frog Market Bernard, Inc. Green Frog Market-Country Club, LLC., and Green Frog Market-Country Club, Inc. ("hereafter "The Green Frog Entities") are all, and during all material times mentioned herein have been California corporations or limited liability companies with a shared business office and principal place of business located at 258 Bernard Street, Bakersfield, CA 93305.

3. The Green Frog Entities, and each of them, are, and during all times mentioned herein were purchasers and sellers of wholesale and jobbing quantities of produce subject to the provisions of the Perishable Agricultural Commodities Act ("PACA") [7 U.S.C. §499b] and  are and have been, at all material times herein, licensed under PACA [PACA license number 20110739].

4. Defendant ALAN SCOTT HAIR ("ASH"), is an individual who during all times material herein was an officer of Green Frog Entities, and who maintains a principal place of business located at 258 Bernard Street, Bakersfield, CA 93305.

5. ASH is, and at all times material herein was, an insider with actual and constructive knowledge of the PACA trust and the provisions set forth therein and who is and during times relevant herein was responsible for the daily management and control of Green

2

Frog Entities and who is and during relevant times herein was a statutory trustee under the PACA in positions to control the PACA trust assets that are the subject of this lawsuit.

6. ASH is referred to herein as "The Individual Defendant."

7. Plaintiff FreshKo Produce Services, LLC (FreshKo") is a California limited liability company with its business office at 2155 Muscat, Fresno, CA 93725-2326.

8. Plaintiff is, and during all times mentioned herein was, licensed by the U.S. Department of Agriculture under PACA license no. 20021073.

9. In a series of transactions, from on or about February 19, 2011 through July 29, 2011, Plaintiff FreshKo sold and shipped perishable agricultural commodities to The Green Frog Entities at their request for which The Green Frog Entities agreed to pay Plaintiff the principal amount at least as great as the sum of $105,815.60.

10. The commodities described above were sold in the course of and in contemplation of entering interstate and/or foreign commerce.

11. Plaintiff has taken all steps necessary to properly preserve its PACA Trust rights under 7 U.S.C. §499e(c) with respect to the sales transactions described above and all sums due Plaintiff from Defendants as separately set forth herein qualify for protection under the PACA trust statute.

12. The Green Frog Entities have failed to pay Plaintiff for the PACA balance due as described above, the non-payment of which constitutes a violation of PACA [7 U.S.C. §499e(c)].

13. The Individual Defendant, is and was, during all times relevant herein, an officer of the Green Frog Entities, and was in a position to control the PACA trust assets that are the subject of the above-captioned lawsuit.

14. The corporate and Individual Defendant named herein, and each of them, are statutory PACA trustees obligated to preserve the PACA trust assets for the benefit of Plaintiff as

a PACA trust beneficiary of the Green Frog Entities and have breached their obligations as statutory trustees by failing to preserve the PACA trust assets in a manner such that said assets are freely available to promptly pay the sums due to Plaintiff. Defendants are therefore jointly and severally liable to Plaintiff for such breach.

IT IS FURTHER ORDERED that so long as Defendants are not in default of the terms of the Stipulation for Entry of Judgment as contemplated therein, and so long as each payment required hereunder is made at the time and in the manner set forth herein, Plaintiffs shall take no steps to enter or enforce the Proposed Judgment attached to said stipulation as Exhibit 2 in any manner whatsoever.

IT IS FURTHER ORDERED that in the event of default as contemplated by the Stipulation for Entry of Judgment, judgment may be entered on an *ex parte* basis based on the Stipulation only, subject only to Defendants' right to challenge (a) whether a default has in fact occurred, as such default is defined in paragraphs 22 and 23, of the Stipulation; or, (b) whether the sums acknowledged by Plaintiffs as having been received by Plaintiffs prior to default are accurate. Notice of Plaintiffs' application for entry of judgment pursuant to this Stipulation shall be served in compliance with applicable Local Rules of the United States District Court for the Eastern District of California and Federal Rules of Civil Procedure governing *ex parte* applications. In the event Defendants wish to challenge whether a default has in fact occurred, such challenge shall be filed and served on Plaintiffs' counsel within the time period provided by the applicable Local Rules of the United States District Court for the Eastern District of California and Federal Rules of Civil Procedure governing *ex parte* proceedings. Failure to file and serve any such challenge within such period will be deemed Defendants' admission of default.

IT IS FURTHER ORDERED that the U.S. District Court for the Eastern District of California shall retain exclusive jurisdiction over the parties and subject matter herein in order to enforce or interpret the provisions of this Stipulation and to enter and enforce judgment hereon.

IT IS FURTHER ORDERED that Plaintiffs' Complaint shall be and hereby is dismissed without prejudice pending payment of the sums due hereunder. Said dismissal shall be subject to immediate reopening upon Plaintiffs' *ex parte* application to either enforce or interpret the terms of the Stipulation for Entry of Judgment and to enter and enforce judgment as contemplated herein.

IT IS SO ORDERED.

Dated: __August 31, 2011__

CHIEF UNITED STATES DISTRICT JUDGE